Jed W. Manwaring, ISB#3040
EVANS KEANE LLP
1405 West Main Street
P. O. Box 959
Boise, Idaho 83701
Telephone: (208) 384-1800
Facsimile: (208) 345-3514
E-mail: Jmanwaring@evanskeane.com

**Attorneys for Defendants**

U.S. COURTS

03 FEB 26 PM 1: 12

REC'D _____
CAMERON S. BURKE
CLERK          IDAHO

FEE PAID
RCPT # 13514

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| MELALEUCA, INC., an Idaho Corporation, )<br><br>Plaintiff,                              )<br><br>vs.                                        )<br><br>SANDY MORELAND, an individual;            )<br>CHARLES M. BOWERS, an individual;         )<br>LOUISE HOLLAND, an individual; and DON    )<br>MARLEY, an individual, and JOHN DOE       )<br>PERSONS OR ENTITIES I-XX,                 )<br><br>Defendants.                               ) | Case No.   **CIV03-073-E-BLW**<br><br>**NOTICE OF REMOVAL** |

TO:   The Judges of the United States District Court for the District of Idaho:

**COME NOW** Defendants Sandy Moreland, an individual; Charles M. Bowers, an

individual; Louise Holland, an individual; and Don Marley, an individual, and John Doe Persons or

Entities I-XX, (hereinafter "Defendants") by and through their attorneys of record, EVANS

KEANE LLP, and appear specially reserving all jurisdictional and other objections and respectfully

show as follows:

1.       On or about February 3, 2003, a Complaint was filed by Melaleuca, Inc. in the

District Court of the Seventh Judicial District of the State of Idaho, in and for the County of

Bonneville, Case No. CV-03-796, naming Sandy Moreland, Charles M. Bowers, Louise Holland, Don Marley and John Doe Persons or Entities I-XX as Defendants.

2. Defendants Bowers and Holland were first served with Plaintiff's Complaint on or about February 20, 2003. Defendants Moreland and Marley have not been served to date. Pursuant to D. Idaho L. Civ. R. 81.1 a copy of the complete state court record including the ROA Report is attached. No answer has been filed.

3. This Notice of Removal is being filed within the thirty days after service upon these Defendants of Plaintiff's Complaint and is therefore timely filed pursuant to 28 U.S.C. §1446(b).

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331 and §1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b)-(c), 28 U.S.C. §1446, and 28 U.S.C. §1367(a) in that it is a civil action: (1) arising, in part, under the laws of the United States, to wit 15 U.S.C. §1125 (The Lanham Act); and (2) between citizens of different states in which the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Defendants are informed by Plaintiff's Complaint and believe and therefore allege that Plaintiff's cause of action arose while Plaintiff was an Idaho corporation with its principal place of business in Bonneville County, State of Idaho.

6. Defendants Sandy Moreland is an individual residing in the State of Colorado. Defendants Charles M. Bowers, Louise Holland and Don Marley are individuals residing in the State of North Carolina.

WHEREFORE, Defendants respectfully request that the aforesaid action now pending against Defendants in the District Court of the Seventh Judicial District of the State of Idaho in and for the County of Bonneville be removed to this Honorable Court.

*NOTICE OF REMOVAL- P. 2*

DATED this ___26___ day of February, 2003.

EVANS KEANE LLP

By _____
Jed W. Manwaring
Attorneys for Defendants Moreland,
Bowers, Holland and Marley

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26 day of February, 2003, I caused to be served a true and correct copy of the above and foregoing document by the method indicated below, and addressed to the following:

| | |
|---|---|
| Curt R. Thomsen | [✓] U.S. MAIL |
| THOMSEN STEPHENS LAW OFFICES | [ ] HAND DELIVERED |
| 2635 Channing Way | [ ] FACSIMILE: 208-522-1277 |
| Idaho Falls, ID 83404 | [ ] OVERNIGHT MAIL |

_____
Jed W. Manwaring

Page 1 of 1           Case: CV-2003-0000796  Current Judge: Richard T. St. Clair

Melaleuca, Inc.  vs. Sandy Moreland, etal.

| Date | Code | User | | Judge |
|------|------|------|---|-------|
| 02/03/2003 | NEWC | HUNTSMAN | New Case Filed | Richard T. St. Clair |
| | NOAP | HUNTSMAN | Plaintiff: Melaleuca, Inc. Notice Of Appearance Curt R. Thomsen | Richard T. St. Clair |
| | | HUNTSMAN | Filing: A1 - Civil Complaint, More Than $1000 No Prior Appearance   Paid by: Thomsen, Curt R. (attorney for Melaleuca, Inc.)  Receipt number: 0070124  Dated: 2/4/2003  Amount: $77.00 (Check) | Richard T. St. Clair |
| | SMIS | HUNTSMAN | Summons Issued (Sandy Moreland) | Richard T. St. Clair |
| | SMIS | HUNTSMAN | Summons Issued (Charles M. Bowers) | Richard T. St. Clair |
| | SMIS | HUNTSMAN | Summons Issued (Louise Holland) | Richard T. St. Clair |
| | SMIS | HUNTSMAN | Summons Issued (Don Marley) | Richard T. St. Clair |

Curt R. Thomsen, Esq.
THOMSEN STEPHENS LAW OFFICES
2635 Channing Way
Idaho Falls, ID 83404
Telephone (208) 522-1230
Fax (208) 522-1277
ISB #2072



Attorneys for Plaintiff

### IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | |
|---|---|
| MELALEUCA, INC., an Idaho Corporation ) | Case No. CV-03-796 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **S U M M O N S** |
| ) | |
| SANDY MORELAND, an individual; ) | |
| CHARLES M. BOWERS an individual; ) | |
| LOUISE HOLLAND an individual; and ) | |
| DON MARLEY, an individual, ) | |
| and JOHN DOE PERSONS ) | |
| OR ENTITIES I-XX, ) | |
| ) | |
| Defendants. ) | |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE NATURE OF THE CLAIM FILED AGAINST YOU IS FOR DEFAMATION/BUSINESS DISPARAGEMENT.** THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. **READ THE INFORMATION BELOW**

TO: SANDY MORELAND

      You are hereby notified that in order to defend this lawsuit, an appropriate written

response must be filed with the above designated court within 20 days after service of this

1 -     SUMMONS

Summons on you. If you fail to so respond the Court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.    The title and number of this case.

2.    If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3.    Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4.    Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this _3_ day of ~~January~~ February, 2003.

_Ronald Longmore_
_____
Clerk of the Court

By: _BSN_
_____
Deputy

CRT:clm
4299-001\005 Summons - Moreland

2 -    SUMMONS

Curt R. Thomsen, Esq.
THOMSEN STEPHENS LAW OFFICES
2635 Channing Way
Idaho Falls, ID 83404
Telephone (208) 522-1230
Fax (208) 522-1277
ISB #2072



Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | |
|---|---|
| MELALEUCA, INC., an Idaho Corporation )<br>)<br>)<br>    Plaintiff,                                     )<br>)<br>v.                                                    )<br>)<br>SANDY MORELAND, an individual;      )<br>CHARLES M. BOWERS an individual;   )<br>LOUISE HOLLAND an individual; and   )<br>DON MARLEY,  an individual,             )<br>and JOHN DOE PERSONS                   )<br>OR ENTITIES I-XX,                            )<br>)<br>    Defendants.                                  )<br>_____ ) | Case No. CV-03-796<br><br><br>SUMMONS |

**NOTICE:  YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE NATURE OF THE CLAIM FILED AGAINST YOU IS FOR DEFAMATION/BUSINESS DISPARAGEMENT.** THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. **READ THE INFORMATION BELOW**

TO:    DON MARLEY

        You are hereby notified that in order to defend this lawsuit, an appropriate written

response must be filed with the above designated court within 20 days after service of this

1 -    SUMMONS

Summons on you. If you fail to so respond the Court may enter judgment against you as

demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice

or representation by an attorney in this matter, you should do so promptly so that your written

response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other

Idaho Rules of Civil Procedure and shall also include:

1.    The title and number of this case.

2.    If your response is an Answer to the Complaint, it must contain admissions or

denials of the separate allegations of the Complaint and other defenses you may claim.

3.    Your signature, mailing address and telephone number, or the signature, mailing

address and telephone number of your attorney.

4.    Proof of mailing or delivery of a copy of your response to plaintiff's attorney,

as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk

of the above-named court.

DATED this _3_ day of J̶a̶n̶u̶a̶r̶y̶ Feb., 2003.

_____
Clerk of the Court

By: _____
     Deputy

CRT:clm
4299-001\008 Summons - Marley

2 -    SUMMONS

CASE ASSIGNED TO
JUDGE RICHARD T. ST. CLAIR

Curt R. Thomsen, Esq.
THOMSEN STEPHENS LAW OFFICES
2635 Channing Way
Idaho Falls, ID 83404
Telephone (208) 522-1230
Fax (208) 522-1277
ISB #2072



Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | |
|---|---|
| MELALEUCA, INC., an Idaho Corporation ) | Case No. CV-03-796 |
| ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | S U M M O N S |
| ) | |
| SANDY MORELAND, an individual; ) | |
| CHARLES M. BOWERS an individual; ) | |
| LOUISE HOLLAND an individual; and ) | |
| DON MARLEY, an individual, ) | |
| and JOHN DOE PERSONS ) | |
| OR ENTITIES I-XX, ) | |
| ) | |
|     Defendants. ) | |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE
NATURE OF THE CLAIM FILED AGAINST YOU IS FOR DEFAMATION/BUSINESS
DISPARAGEMENT.** THE COURT MAY ENTER JUDGMENT AGAINST YOU
WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. **READ
THE INFORMATION BELOW**

TO:    CHARLES M. BOWERS

    You are hereby notified that in order to defend this lawsuit, an appropriate written

response must be filed with the above designated court within 20 days after service of this

1 -    SUMMONS

Summons on you. If you fail to so respond the Court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.      The title and number of this case.

2.      If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3.      Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4.      Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this 3 day of ~~January~~ Feb., 2003.

_Ronald Longmore_
Clerk of the Court

By: _BSH_
Deputy

CRT:clm
4299-001\006 Summons - Bowers

2 -      SUMMONS

Curt R. Thomsen, Esq.
THOMSEN STEPHENS LAW OFFICES
2635 Channing Way
Idaho Falls, ID 83404
Telephone (208) 522-1230
Fax (208) 522-1277
ISB #2072



Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | |
|---|---|
| MELALEUCA, INC.,an Idaho Corporation ) | Case No. CV-03-796 |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | SUMMONS |
| ) | |
| SANDY MORELAND, an individual; ) | |
| CHARLES M. BOWERS an individual; ) | |
| LOUISE HOLLAND an individual; and ) | |
| DON MARLEY, an individual, ) | |
| and JOHN DOE PERSONS ) | |
| OR ENTITIES I-XX, ) | |
| ) | |
| Defendants. ) | |

**NOTICE: YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF(S). THE
NATURE OF THE CLAIM FILED AGAINST YOU IS FOR DEFAMATION/BUSINESS
DISPARAGEMENT.** THE COURT MAY ENTER JUDGMENT AGAINST YOU
WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 20 DAYS. **READ
THE INFORMATION BELOW**

TO:   LOUISE HOLLAND

You are hereby notified that in order to defend this lawsuit, an appropriate written

response must be filed with the above designated court within 20 days after service of this

1 -   SUMMONS

Summons on you. If you fail to so respond the Court may enter judgment against you as demanded by the plaintiff(s) in the Complaint.

A copy of the Complaint is served with this Summons. If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.    The title and number of this case.

2.    If your response is an Answer to the Complaint, it must contain admissions or denials of the separate allegations of the Complaint and other defenses you may claim.

3.    Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4.    Proof of mailing or delivery of a copy of your response to plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named court.

DATED this 3 day of ~~January~~ Feb., 2003.

_Ronald Longmore_
_____
Clerk of the Court

By:   BSN
      _____
      Deputy

CRT:clm
4299-001\007 Summons - Holland

2 -    SUMMONS

CASE ASSIGNED TO
JUDGE RICHARD T. ST. CLAIR

Curt R. Thomsen, Esq.
THOMSEN STEPHENS LAW OFFICES
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277
ISB #2072



2003 FEB -3  PH 4: 37

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | |
|---|---|
| MELALEUCA, INC., an Idaho Corporation ) | Case No. CV-03-796 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| SANDY MORELAND, an individual; ) | |
| CHARLES M. BOWERS an individual; ) | |
| LOUISE HOLLAND an individual; and ) | |
| DON MARLEY,  an individual, ) | |
| and JOHN DOE PERSONS ) | Fee Category A.1 |
| OR ENTITIES I-XX, ) | Fee: $77.00 |
| ) | |
| Defendants. ) | |

COMES NOW Melaleuca, Inc., an Idaho corporation,  by and through counsel of

record, and for cause of action against the named defendants, alleges as follows:

## COMMON FACTUAL ALLEGATIONS

1.    Melaleuca, Inc. is an Idaho corporation with its principal place of business in

Bonneville County, State of Idaho.  Melaleuca does business on a nationwide basis.

1 -    COMPLAINT

2.     Freelife International, Inc. is a Connecticut corporation, not registered to do business in the State of Idaho, but which is doing business in the State of Idaho and has substantial contacts with the State of Idaho. Freelife does business on a nationwide basis.

3.     Sandy Moreland is an individual residing in the State of Colorado. Moreland has done business in the State of Idaho with Melaleuca, Inc. in that she has entered into an Independent Marketing Executive Agreement with Melaleuca, Inc. in the State of Idaho, has corresponded with and done business with Melaleuca, Inc. in the State of Idaho, has sent orders and money into the State of Idaho in dealings with Melaleuca, Inc., has received money and products shipped, in part, from the State of Idaho, and has caused tortious or wrongful acts and damage in the State of Idaho.

4.     Charles M. Bowers is an individual residing in the State of North Carolina. Bowers has done business in the State of Idaho with Melaleuca, Inc. in that he has entered into an Independent Marketing Executive Agreement with Melaleuca, Inc. in the State of Idaho, has corresponded with and done business with Melaleuca, Inc. in the State of Idaho, has sent orders and money into the State of Idaho in dealings with Melaleuca, Inc., has received money and products shipped, in part, from the State of Idaho, and has caused tortious or wrongful acts and damage in the State of Idaho.

5.     Louise Holland is an individual residing in the State of North Carolina. Holland has done business in the State of Idaho with Melaleuca, Inc. in that she has entered into an Independent Marketing Executive Agreement with Melaleuca, Inc. in the State of Idaho, has corresponded with and done business with Melaleuca, Inc. in the State of Idaho, has sent orders and money into the State of Idaho in dealings with Melaleuca, Inc., has received

2 -    COMPLAINT

money and products shipped, in part, from the State of Idaho, and has caused tortious or
wrongful acts and damage in the State of Idaho.

6.      Don Marley is an individual residing in the State of North Carolina.   Marley
has done business in the State of Idaho with Melaleuca, Inc. in that he has entered into an
Independent Marketing Executive Agreement with Melaleuca, Inc. in the State of Idaho, has
corresponded with and done business with Melaleuca, Inc. in the State of Idaho, has sent
orders  and money into the State of Idaho in dealings with Melaleuca, Inc., has received money
and products shipped, in part, from the State of Idaho, and has caused tortious or wrongful acts
and damage in the State of Idaho.

7.      Defendants are subject to jurisdiction of the Idaho courts pursuant to the Idaho
long arm statute, Idaho Code §5-514 as having sufficient contacts with the State of Idaho,
which are tortious and unlawful, contractual, or constitute doing business in Idaho such that the
courts of this state may constitutionally exercise jurisdiction over all Defendants.

8.      Melaleuca, Inc. is a consumer direct marketing company,  Melaleuca, Inc.
contracts with individuals (independent marketing executives) and each contract with the
independent marketing executive is subject to the terms and conditions of the Melaleuca
statements of policies and conditions as they may be changed from time to time based on
notification.

9.      Defendants  as Melaleuca Independent Marketing Executives  agreed to  the
contractual terms and conditions identified above.

10.     John Doe persons or entities I through XX, are defendants whose present name
and  status is unknown to plaintiff, but whose actions and relationships to Freelife

3 -    COMPLAINT

International, Inc. and the other Defendants are such that they are or may be liable to
Melaleuca, Inc. for some or all of the claims stated in this complaint. Melaleuca will seek
leave of court to amend this complaint to more specifically name the John Doe defendants at
such time as their identities and status are specifically identified in discovery.

11.    The names, identities, business organizations and business styles of Melaleuca's
Independent Marketing Executives are trade secrets and confidential information as provided
by the Idaho Trade Secrets Act, Idaho Code §48-801 et seq., and are otherwise protected
proprietary and confidential information by law and by contract.

12.    The Melaleuca statements of policies and conditions which are a part of the
contract with its Independent Marketing Executives, and which were known to all Defendants,
state in part:

> "20.    Antiraiding and Conflicts of Interest.
>
> This Policy is designed to protect the efforts of Marketing
> Executives in building and maintaining their Marketing
> Organizations and Customer bases. Marketing Executives may
> be active in other business ventures. However, Marketing
> Executives and all members of their Immediate Household are
> prohibited from the following:
>
> (a)    Recruiting or enrolling Melaleuca Customers or
>        Marketing Executives for other business ventures, either
>        directly or through a third party. This includes, but is not
>        limited to, presenting or assisting in the presentation of
>        other business ventures to any Melaleuca Customer or
>        Marketing Executive or implicitly or explicitly
>        encouraging any Melaleuca Customer or Marketing
>        Executive to join other business ventures. It is a violation
>        of this policy to recruit or enroll a Melaleuca Customer or
>        Marketing Executive for another business even if the
>        Marketing Executive does not know that the prospect is
>        also a Melaleuca Customer or Marketing Executive...

4 -    COMPLAINT

(b)    Producing any literature, tapes or promotional material of any nature for another business venture which is used by the Marketing Executive or any third person to Recruit Melaleuca Customers or Marketing Executives for that business venture;

(c)    Selling, offering to sell, or promoting any competing products or services to Melaleuca Customers or Marketing Executives...

Violations of this policy are especially detrimental to the growth and sales of other Marketing Executive's Independent Melaleuca Businesses and to Melaleuca's business. Therefore, Melaleuca may seek and obtain from the violating Marketing Executive damages for violations of this policy. If litigation or arbitration is undertaken to recover commissions, bonuses or damages as specified herein, the prevailing party shall be entitled to an award of attorney fees and expenses.

21.    <u>Proprietary Information and Trade Secrets</u>.

By executing the Independent Marketing Executive Agreement, the Marketing Executive acknowledges that all information which is contained in the Marketing Executive's Monthly Business Report, including names, addresses and telephone numbers of Marketing Executives and Customers is Melaleuca's proprietary trade secret information. The Marketing Executive agrees not to disclose such information to any third party (except existing or prospective Melaleuca Marketing Executives or Customers for the purposes of promoting Melaleuca products and business opportunity) or to utilize such information for the purpose of promoting any other business opportunity at any time, whether during the term of his/her association with Melaleuca or thereafter. The Marketing Executive acknowledges that such propriety information is of such character as to render it unique and that disclosure or use thereof in violation of this provision will result in irreparable damage to Melaleuca and to Independent Melaleuca Businesses. Melaleuca and its Marketing Executives will be entitled to injunctive relief to prevent violation of this policy. If litigation or arbitration is required to obtain injunctive relief or to recover damages, the prevailing party shall be entitled to an award of attorney fees and expenses."

5 -     COMPLAINT

## COUNT ONE - INTENTIONAL INTERFERENCE WITH
## BUSINESS RELATIONSHIPS

13.    Melaleuca, Inc. repeats the allegations of paragraphs 1 through 12 as if set forth at length.

14.    Defendants have directly, or indirectly, been utilizing Melaleuca confidential and trade information for the purpose of contacting Melaleuca Independent Marketing Executives with the intent of causing those Marketing Executives to cancel their contractual relationships with Melaleuca and sign up with Freelife International, Inc. Such actions are tortious and wrongful and constitute the intentional interference with business relationships. Further, the use of Melaleuca confidential trade secret and business information in this process by Marketing Executives of Freelife International was known to Freelife International, Inc. and its officers and agents, was condoned, encouraged and such wrongful conduct ratified by Freelife International.

15.    Defendants have specifically used confidential trade secret and proprietary information of Melaleuca in efforts to contact Melaleuca Marketing Executives and Customers with the intent of disrupting contractual relationships with Melaleuca, Inc. for their benefit and for the benefit of Freelife International. Further, Defendants have encouraged and conspired with Melaleuca Marketing Executives to enroll in Freelife International under fictitious names or altered identities with the intent and purpose of concealing involvement with Freelife International from Melaleuca, Inc. so as to facilitate breach of their Independent Marketing Executive contracts without detection.

6 -    COMPLAINT

16.    Defendants have made misrepresentations to Melaleuca Marketing Executives to induce them to quit their association with Melaleuca and to join Freelife International. The misrepresentations include: (1) That Defendants have an inside contact with a senior management official of Melaleuca who has advised that Melaleuca is about to make changes to the company's compensation plan; and (2) That other specifically named Melaleuca Marketing Executives have joined Freelife International. Such representations are and were untrue and were made only to induce the recipients to quit Melaleuca and join Freelife International.

17.    Melaleuca, Inc. is entitled to recover damages from Defendants for the loss of contractual relationships with its Independent Marketing Executives and Customers as a result in an amount to be proven at the time of trial or at the time judgment is requested. Melaleuca is further entitled to recover damages from Defendants based on their violation of Policy No. 21 and Policy No. 20, in an amount to be proven at the time of trial or at the time judgment is requested.

18.    Melaleuca, Inc. is further entitled to recover its attorney fees and court costs from Defendants as provided by contract, statute or court rule in an amount to be proven at the time of trial or at the time judgment is requested.

## COUNT TWO - TRADE SECRETS - PROPRIETARY INFORMATION

19.    Melaleuca, Inc. repeats the allegations of paragraphs 1 through 18 as if set forth at length.

20.    Defendants have been using confidential, proprietary and trade secret information of Melaleuca, Inc. including its customer lists and Independent Marketing Executive lists and business reports in order to contact individuals with the intent and purpose

7 -    COMPLAINT

of persuading those individuals to cease their contractual relationships with Melaleuca, Inc.

and in turn establish such relationships with Freelife International, Inc. to their benefit and to

the benefit of Freelife International, Inc. Further, Defendants have encouraged and conspired

with Melaleuca Marketing Executives to enroll in Freelife International under fictitious names

or altered identities with the intent and purpose of concealing involvement with Freelife

International from Melaleuca, Inc. so as to facilitate breach of their Independent Marketing

Executive contracts without detection.

21.    Such actions on the part of Defendants are in breach of contract and are

violations of the Idaho Trade Secrets Act in that they have appropriated and attempted to use

Melaleuca's trade secrets and proprietary and confidential information to their benefit and to

the injury of Melaleuca, Inc.

22.    Melaleuca, Inc. is entitled to recover its damages from loss of customers, profits

and business as a result of Defendants' actions in an amount to be proven at the time of trial

or at the time judgment is requested.

23.    Melaleuca, Inc. is entitled to recover from Defendants its attorney fees and court

costs pursuant to contract, Idaho statute and court rule in an amount to be proven at the time of

trial or at the time judgment is requested.

## COUNT THREE-INJUNCTION

24.    Melaleuca, Inc. repeats the allegations of paragraphs 1 through 23 as if set forth

at length.

25.    As a result of the actions of Defendants, Melaleuca, Inc. has been and will be

irreparably harmed in that its confidential and proprietary business information, business

8 -    COMPLAINT

reputation, product reputation, contractual relationships and customers will be lost, and irretrievably so.

26.    Melaleuca, Inc. is entitled to a preliminary injunction from the court restraining Defendants from their unlawful behavior and for entry of a final permanent injunction to prohibit such conduct into the future.

27.    Melaleuca, Inc. is entitled to recover its attorney fees and court costs incurred in prosecuting a request for injunction as provided by controlling statute and court rule.

### COUNT FOUR - DEFAMATION/BUSINESS DISPARAGEMENT

28.    Melaleuca, Inc. repeats the allegations of paragraphs 1 through 27 as if set forth at length.

29.    Defendant Moreland has directly, or through agents, representatives or others acting in concert with her, intentionally, willfully and with the purpose of damaging and injuring Melaleuca, Inc. and its operations, and with the intent and purpose of causing Melaleuca Independent Marketing Executives to leave Melaleuca and join Freelife International, Inc., defamed and disparaged the Melaleuca enterprise, its management and its products. Untrue disparaging statements have been made that the Melaleuca, Inc. products cause cancer, or contain cancer causing agents, are not safe for their intended use, are not nutritional, are deleterious to health, and that upper management broke the company's promises or agreements to Melaleuca Marketing Executives.

30.    Defendant Moreland has utilized such statements and made such claims and disseminated such claims in oral and written form in an effort to persuade Melaleuca

9 -    COMPLAINT

Independent Marketing Executives to cancel their contractual and business relationships with Melaleuca, or to obtain Melaleuca's Customers for herself and Freelife International, Inc.

31.    Such actions are wrongful and tortious, and violative of statute, including 15 U.S.C. 1125, and Melaleuca, Inc. is entitled to recover damages as a result of such actions in an amount to be proven at the time of trial or at the time judgment is requested.

32.    Melaleuca, Inc. requests and is entitled to recover attorney fees and costs of court incurred in prosecuting this action against Defendant Moreland as provided by contract, Idaho and Federal statute and court rule.

## COUNT FIVE - LANHAM ACT VIOLATION

33.    Melaleuca, Inc. repeats the allegations of paragraphs 1 through 32 as if set forth at length.

34.    The actions of Defendant Moreland are in violation of 15 U.S.C. 1125, in that Defendant Moreland has in commercial advertising or promotion misrepresented the nature, characteristics, and qualities, of Melaleuca, Inc.'s goods, services, and commercial activities and of Freelife International's goods, services and commercial activities.

35.    Melaleuca, Inc. is entitled to recover its damages caused or likely to be caused by such wrongful actions in an amount to be proven at the time of trial.

WHEREFORE, plaintiff Melaleuca, Inc. prays the judgment, order and decree of this court against Defendants jointly and severally, and for actions in concert, as follows:

1.    For plaintiff Melaleuca, Inc.'s damages in an amount to be proven at the time of trial or at the time judgment is requested.

10 -    COMPLAINT

2.    For Melaleuca, Inc.'s court costs and attorney fees incurred herein pursuant to the contractual provisions controlling as to Defendants and pursuant to Idaho Code §§12-120 and 12-121 and the Idaho Trade Secrets Act, Idaho Code §48-801 *et seq.*, in an amount to be proven at the time of trial or at the time judgment is requested.

3.    For Melaleuca, Inc.'s court costs and attorney fees incurred herein pursuant to Idaho Code §§12-120 and 12-121 and the Idaho Trade Secrets Act, Idaho Code §48-801 et seq., in an amount to be proven at the time of trial or at the time judgment is requested.

4.    As to Defendant Moreland, for Melaleuca, Inc.'s court costs and attorney fees incurred herein pursuant to Idaho Code §§12-120 and 12-121 and the Lanham Act 15 U.S.C 1125 et seq., in an amount to be proven at the time of trial or at the time judgment is requested.

5.    Plaintiff Melaleuca, Inc. is entitled to preliminary and final injunctive relief restraining Defendants from their unlawful and tortious conduct.

6.    Plaintiff Melaleuca, Inc. is entitled to such other and further equitable relief as the court deems just and appropriate under the circumstances.

DATED this 31 day of JAN. , 2003.

THOMSEN STEPHENS LAW OFFICES

By: _____
Curt R. Thomsen, Esq.

CRT:clm
4299-001\001 Complaint

11 -    COMPLAINT